IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PLASTIPAK PACKAGING, INC., ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1288 (RDA/IDD) |
| ) | |
| NESTLÉ WATERS NORTH AMERICA, INC, ) | |
| Operating as BLUETRITON BRANDS, INC, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Plastipak Packaging, Inc.'s Motion for Summary Judgment (Dkt. 139) and Defendant Nestlé Waters North America, Inc.'s Motion for Summary Judgment (Dkt. 209). This matter has been fully briefed and is now ripe for disposition. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). Considering the Motions together with Plaintiff's Memorandum in Support (Dkt. 140), Defendant's Opposition (Dkt. 154), Plaintiff's Reply (Dkt. 160), Plaintiff's Notice (Dkt. 208), Defendant's Memorandum in Support (Dkt. 210), Defendant's Notice (Dkt. 218), Plaintiff's Opposition (Dkt. 219), Defendant's Reply (Dkt. 220), Plaintiff's Sur-Reply (Dkt. 223), Defendant's Notice of Supplemental Authority (Dkt. 225), and Plaintiff's Response to Defendant's Notice of Supplemental Authority (Dkt. 226), this Court GRANTS Plaintiff's Motion for Summary Judgment and DENIES Defendant's Motion for Summary Judgment for the reasons that follow.

## I. BACKGROUND

### A. Factual Background

The facts relevant to this case are more fully set forth in this Court's recent Memorandum Opinion and Order on claim construction. Dkt. 204. In relevant part for purposes of this Opinion, Plaintiff Plastipak invents, develops, manufactures, and sells containers and packaging for consumer products, including bottled water and other beverages. Dkt. 52 ¶ 7 (Second Amended Complaint). Plaintiff owns 500 U.S. patents and produces each year over 40 billion plastic preforms, as defined *infra*, and containers. *Id*. ¶¶ 8-9. Defendant Nestlé (operating under BlueTriton Brands, Inc.) also manufactures plastic preforms and containers used for its bottled water products. *Id*. ¶ 14. Plastipak alleges that Nestlé infringed six of its patents: U.S. Patent Nos. 9,139,326 ("the '326 Patent"); 9,403,310 ("the '310 Patent"); 10,214,311 ("the '311 Patent"); 10,266,299 ("the '299 Patent"); 10,457,437 ("the '437 Patent"); and 11,560,250 ("the '250 Patent"). *Id*. ¶ 1.

### B. Procedural Background

Plaintiff Plastipak initiated this patent infringement lawsuit against Defendant Nestlé on October 30, 2020, Dkt. 1, and filed the operative Second Amended Complaint on April 26, 2023, Dkt. 56. On October 24, 2023, Plaintiff moved for Summary Judgment. Dkt. 139. Three days later, on October 27, 2023, Defendant filed a Motion for Claim Construction. Dkt. 147. Defendant then filed its Opposition to the Motion for Summary Judgment on November 7, 2023, Dkt. 154, and Plaintiff filed its Opposition to the Motion for Claim Construction on November 13, 2023, Dkt. 159. Plaintiff filed its Reply in Support of Summary Judgment on November 13, 2023. Dkt. 160. Defendant filed its Reply in Support of Claim Construction on November 20, 2023, Dkt. 161, to which Plastipak filed a Sur-Reply on December 4, 2023, Dkt. 165. On January 8, 2024,

Magistrate Judge Ivan D. Davis held a settlement conference, which did not result in settlement between the parties. *See* Dkt. Entry dated January 8, 2024. Additional settlement conferences were held by Magistrate Judge John F. Anderson on August 19, 2025, and September 23, 2025, neither of which resulted in settlement. *See* Dkt. Entry dated August 19, 2025; Dkt. Entry dated September 23, 2025.

On May 16, 2025, Plaintiff filed a Request to Reset the Final Pretrial Conference. Dkt. 178.[1] On May 19, 2025, the Court ordered a status conference be scheduled for June 4, 2025, to allow parties to propose trial dates. Dkt. 185. On June 4, 2025, the Court held a status conference with both parties present, and a jury trial was set for November 3, 2025. Dkts. 198, 199.

On June 27, 2025, the Court issued its Memorandum Opinion and Order on claim construction. Dkt. 204. On July 1, 2025, Plastipak gave notice of its intent to proceed with its previously filed Motion for Summary Judgment. Dkts. 205, 208. Defendant filed its own Motion for Summary Judgment on July 15, 2025. Dkt. 210. On July 23, 2025, Defendant filed a Notice indicating that, in light of the Court's claim construction, Defendant "does not oppose Plastipak's partial summary judgment motion." Dkt. 218 (emphasis original). On July 25, 2025, Plaintiff filed its Opposition to Defendant's Motion. Dkt. 219. Defendant filed a reply on August 1, 2025, and Plaintiff filed a sur-reply on August 7, 2025. Dkts. 220, 223. On August 12, 2025, Defendant filed notice of supplemental authority, Dkt. 225, to which Plaintiff responded on August 14, 2025, Dkt. 226.

---

[1] As this Court has previously noted, this case had been stayed due to the pendency of a related appeal. Dkt. 185. Unfortunately, although the Court entered an Order directing that the stay be lifted, an administrative error in the Clerk's Office resulted in the case still being subject to a stay designation for purposes of electronic tracking of pending motions. *Id.* This error unfortunately left the parties' pending motions unresolved. *Id.* The Court has now taken steps to correct and prevent this error and is moving with deliberate speed to resolve this case.

## II. LEGAL STANDARD

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. "(A) party opposing summary judgment may not simply rest on the allegations of his complaint but must instead come forward with specific evidence showing the existence of a genuine issue of fact." *Muhammad v. Giant Food*, 108 F. App'x 757, 764 (4th Cir. 2004) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)).

The standard of review does not change when ruling on cross-motions for summary judgment. *E.I. DuPont De Nemours & Co. v. Ampthill Rayon Workers, Inc.*, 516 F. Supp. 2d 588, 593 (E.D. Va. 2007). When faced with cross-motions for summary judgment, a court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quotations omitted).

## III. ANALYSIS

The Motions by both parties raise a number of issues. Plaintiff's Motion pertains primarily to "infringement," which is now unopposed. Defendant's Motion raises issues of validity with respect to the written description and enablement. The Court will address each issue separately.

### A. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on the issue of infringement. Dkt. 139. Following this Court's decision on claim construction, Defendant "does not oppose Plastipak's partial summary judgment motion." Dkt. 218 at 2. Infringement may be resolved on summary judgment if there is no genuine issue of material fact. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001). In circumstances where there is dispute regarding claim construction, but there exists no dispute over the facts concerning the accused products, the infringement inquiry collapses into claim construction, and the Court may resolve the question of infringement on summary judgment. *Duncan Parking Techs., Inc. v. IPS Grp., Inc.*, 914 F.3d 1347, 1363 (Fed. Cir. 2019) (citing *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997)). Accordingly, given this Court's Memorandum Opinion and Order on claim construction, the parties agree that there is no genuine dispute of material fact with respect to infringement, and Plaintiff's motion for summary judgment will be granted.

### B. Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff's patents are invalid because of their written descriptions and further disputes that the patents are not enabled. Dkt. 210 at 6. Plaintiff counters that issues related to written description and enablement are questions of fact and are unfit for adjudication by way of summary judgment. Dkt. 219 at 5. Defendant bears the burden of proving both of these theories of invalidity by "clear and convincing evidence" because "patents are presumed valid." *Trimed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1340 (Fed. Cir. 2010). Defendant has failed to meet this heavy burden on summary judgment as it has not established that no reasonable juror could find in Plaintiff's favor. As set forth below, the Court finds that summary judgment in Defendant's favor is inappropriate and that this matter should proceed to trial.

1.     *Written Description*

Defendant asserts that Plaintiff's patents are invalid due to the patents' failure to provide an adequate written description.  Specifically, Defendant takes issue with the phrase "or less" in the written description and argues that "nothing in the specifications show that the inventors possessed an invention of that broad scope."  Dkt. 210 at 13.  Defendant states that "[t]he limited numeric dimensions that appear identically in the asserted claims and corresponding specifications do not come close to describing the full scope of the invention, rendering the claims invalid for lack of written description."  Dkt. 210 at 7.  Plaintiff argues that Defendant improperly moves for summary judgment because the written description requirement raises a genuine dispute of material fact and offers that, even if there is not a genuine dispute of material fact, "[t]he Court's claim construction order explains how a person of ordinary skill in the art (a 'POSITA') would interpret the 'or less' language in the claims and [thus it] is probative of how a POSITA would interpret the same language in the specification."  Dkt. 219 at 16.

Under the applicable version of 35 U.S.C. § 112(a),[2] a patent specification must "contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."  The Federal Circuit has held that the "test for sufficiency" of a patent's written description is "whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had

---

[2] This provision was amended effective September 16, 2012, by the Leahy-Smith America Invents Act ("AIA").  The patents at issue here claim priority to a May 16, 2007 application.  Thus, the pre-AIA version applies to the written description and enablement issues raised in this action. *Advanced Ground Info. Sys., Inc. v. Life360, Inc.*, 830 F.3d 1341, 1343 n.1 (Fed. Cir. 2016).

possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).  The test requires "an objective inquiry" to determine whether the specification "describe[s] an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Id*.  The issue of whether a claimed invention satisfies the written description requirement is a question of fact. *Centrak, Inc. v. Sonitor Technologies, Inc.*, 915 F.3d 1360, 1365 (Fed. Cir. 2019).  To be sure, the Federal Circuit has reversed district court grants of summary judgment on the basis of lack of written description. *Id.* at 1369.

In accordance with this Court's analysis in its prior Memorandum Opinion and Order regarding claim construction, the Court cannot say that there are no genuine issues of material fact regarding how a POSITA would interpret the written description here.  *See generally* Dkt. 204.  As Plaintiff correctly notes, the Federal Circuit has held that the written description requirement may be—though is not automatically—satisfied where the patent "recites verbatim the formulations claimed in [the asserted claims]." *Pharmacyclics LLC v. Alvogen, Inc.*, 2022 WL 16943006, at *6, *12 (Fed. Cir. Nov. 15, 2022).  The written description analysis is described as disclosing the invention with "reasonable clarity" and providing "sufficient 'blaze marks' to guide a reader through the forest of disclosed possibilities." *Id*. at *7.  In this Court's view, Defendant has not foreclosed the possibility that a reasonable POSITA reading the specification would interpret the same "or less" language in the same manner as the Court set forth in its Memorandum Opinion and Order with respect to claim construction and conclude, based on the specifications, that the inventors had possession of the entire claimed subject matter as of the filing date.  Dkt. 204 at 21.  At the summary judgment stage, it cannot be concluded that Defendant has produced clear and convincing evidence that the patents lack an adequate written description.  Indeed, there

are factual disputes regarding the character and weight of various witnesses' testimony that warrant this matter going to a jury. Accordingly, this Court finds that there are genuine issues of material fact that preclude summary judgment in favor of Defendant with respect to its written description theory.

2.     *Enablement*

Defendant's enablement argument asserts that the patents are invalid because Plaintiff's specifications do not enable making the shortest and lightest physically attainable neck finishes. Dkt. 210 at 26. Plaintiff argues that enablement is a fact-intensive inquiry more appropriately reserved for trial. Dkt. 219.

"Enablement is a legal determination of whether a patent enables one skilled in the art to make and use the claimed invention." *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986). "Although enablement is a question of law, because of the factual nature of the inquiry . . . , it is amenable to resolution by the jury." *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1371 (Fed. Cir. 2003). That is because, sometimes, "whether a patent complies with the enablement requirement depends upon a factually intensive inquiry." *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1245 (Fed. Cir. 2003). Relevant authority in the Federal Circuit has resulted in the reversal of district courts for granting summary judgment on non-enablement grounds. *See, e.g.*, *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 685 (Fed. Cir. 2015) (reversing summary judgment where there was a genuine issue of material fact regarding enablement); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1306 (Fed. Cir. 2010) (reversing summary judgment where "factual issues regarding undue experimentation . . . preclude summary judgment of no enablement"); *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1337 (Fed. Cir.

8

2005) (reversing summary judgment based on genuine issues of fact as to enablement). In seeking summary judgment on this affirmative defense, Defendant must "conclusively establish all essential elements of [its] defense" and "overcome the Asserted Patents' presumption of validity by proving all facts underpinning that defense by clear and convincing evidence." *Dialect, LLC v. Amazon.com*, 2024 WL 4010111, at *2 (E.D. Va. Aug. 30, 2024).

On summary judgment, Plaintiff has produced some evidence that the U.S. Patent and Trademark Office correctly determined that the claims are enabled. Dkt. 219 at 27. In particular, Plaintiff's expert, Brandau, performed an analysis of the factors discussed by the Federal Circuit in *In re Wands*, 858 F.2d 731 (Fed. Cir. 1988), to determine that the claims are enabled. Dkt. 159-15. Brandau's analysis is further supported by testimony of the inventors that a POSITA could practice the full scope of the claims using the disclosure in the patent specification. Dkt. 219 at 29; Dkt. 159-16 at 33:8-11; Dkt. 219-2 at ¶ 12. Moreover, Defendant has pointed to testimony from Brandau that supports its own position that the claims are not enabled. Dkt. 210 at 33-34. Thus, it follows that taking all inferences in favor of Plaintiff (as the Court must at summary judgment) and recognizing that Defendant's burden is one of clear and convincing evidence, this Court cannot say that Defendant has established that no reasonable juror could find that the patents' claims are enabled. Accordingly, there are genuine issues of material fact that preclude a finding in Defendant's favor on summary judgment. Thus, this Court finds, as other judges in this District have, that the enablement question must be resolved at trial. *See Dialect*, 2024 WL 4010111, at *11.

***

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 139) is GRANTED; and it is

9

FURTHER ORDERED that, in accordance with Plaintiff's Motion, this Court finds that there was infringement of claims 24-28 of U.S. 9,139,326; claims 1-3, 5, 8-9, 11-17, and 19-20 of U.S. 9,403,310; claim 14 of U.S. 10,214,311; claims 19-20 and 22-27 of U.S. 10,266,299; claims 1-2, 9-10, 12, and 15-16 of U.S. 10,457,437; and claims 1-3, 7-9, 11-18, 20, and 22- 27 of U.S. 11,560,250; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 209) is DENIED; and it is

FURTHER ORDERED that this matter will proceed to trial on November 3, 2025.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
October 9, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge